IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE,<br><br>    Petitioner<br><br>VS.<br><br>STEVE UPTON, Warden,<br><br>    Respondent | NO. 5: 07-CV-41 (CAR)<br><br>Proceedings Under 28 U.S.C. §2254<br>Before the U. S. Magistrate Judge |

# O R D E R

    Petitioner herein seeks to file *in forma pauperis* a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Based upon the allegations set forth in the affidavit filed herein, the Court authorizes the commencement of this action without prepayment of fees and costs or security therefor. See 28 U.S.C. §1915(a).

    IT IS HEREBY ORDERED that within THIRTY (30) DAYS, petitioner shall amend his petition to include every unalleged possible constitutional error or deprivation entitling petitioner to habeas relief in this court, failing which petitioner will be presumed to have deliberately WAIVED his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition. If amended, petitioner will be presumed to have deliberately WAIVED his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition, as amended.

    IT IS HEREBY FURTHER ORDERED that respondent make an answer in writing to the allegations of the petition and any amendments thereto, filing the same with the clerk of this court WITHIN SIXTY (60) DAYS after service of this order. The answer must comply with Rule 5, 28 U.S.C.A. foll. §2254 (West 2004)[1] and shall include the following (if applicable):

    (1) trial transcript or guilty plea transcript of petitioner's State court conviction;

    (2) transcript of petitioner's State habeas hearing;

    (3) copy of the decisions of the State habeas and appellate courts; and,

    (4) if the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's and respondent's brief on appeal and of the opinion of the appellate court, if any, as to each proceeding.

    All of the submitted transcripts shall be certified.

---

[1] Rule 5. Answer; Contents. The answer shall respond to the allegations of the petitioner. In addition it shall state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. The answer shall indicate what transcripts (of pretrial, trial sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal, a copy of any brief submitted by the prosecution, and of the opinion and dispositive order of the appellate court, if any, shall also be filed by the respondent with the answer.

Either with the filing of the answer or WITHIN FIFTEEN (15) DAYS after the answer is filed, **THE RESPONDENT SHALL MOVE FOR THE PETITION TO BE DISMISSED OR SHALL EXPLAIN IN WRITING TO THE COURT WHY THE PETITION CANNOT BE ADJUDICATED BY A MOTION TO DISMISS!**

Petitioner and respondent shall submit to the court their respective briefs of law within the aforementioned SIXTY (60) DAY period. In the event respondent submits a **MOTION TO DISMISS** prior to filing a brief, and that motion is denied, respondent shall then have THIRTY (30) DAYS after service upon him of the order denying said motion in which to file the required brief, transcripts and answer (if not already filed). The briefs of law shall be no longer than fifty (50) typewritten pages double-spaced on letter-sized paper. Petitioner and respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

**NO DISCOVERY SHALL BE COMMENCED BY EITHER PARTY HEREIN WITHOUT THE EXPRESS PERMISSION OF THE COURT.** Rule 6(a), 28 U.S.C.A. foll. §2254 (West 2004). Unless and until petitioner demonstrates to this court that the State habeas court's factfinding procedure was not adequate to afford a full and fair evidentiary hearing or that the State habeas court did not afford the opportunity for a full, fair, and adequate hearing, this court's consideration of petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the State trial, habeas, and appellate courts. After the filing of the answer and the motion to dismiss, the court will then give consideration to the petition and to the answer and will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

IT IS FURTHER ORDERED that a copy of this order be served upon the petitioner, and that a copy of the petition and this order be served upon the respondent by certified mail. **Pro se petitioners shall keep the clerk of this court advised at all times of any change of address. Failure to do so may result in the dismissal of said action.** The clerk is further DIRECTED to send to all parties a copy of this court's order referring the within case to Claude W. Hicks, Jr., United States Magistrate Judge.

SO ORDERED AND DIRECTED, this 12th day of February, 2006.[2]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

_____

[2] Although petitioner has named James Donald, Commissioner of the Georgia Department of Corrections as respondent herein, the court has substituted his current warden, Steve Upton, as the proper respondent since he is petitioner's custodian.