IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DANIEL ERIC COBB,

          Petitioner

    VS.

STEVE UPTON, Warden,

          Respondent

**NO. 5:07-CV-41 (CAR)**

**PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is respondent STEVE UPTON's motion to dismiss the above-styled habeas corpus action. Tab #7. The respondent's motion alleges that petitioner DANIEL ERIC COBB has failed to exhaust state remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982).

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing* *Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting* *Fay v. Noia*, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

Petitioner Cobb has asserted that he should be excused from the exhaustion requirement, citing a nearly one year delay in his state proceedings as rendering the state remedy ineffective. At the direction of the court, respondent Upton has provided justifications for the delay in the state process, specifically citing the time necessary to prepare trial transcripts and a seven month delay making a ruling on the petitioner's motion for certificate of probable cause which is a part of the state process that must be exhausted in order for this case to be ripe for federal review.

Seven months is not so unreasonable a delay that it would render the state process unavailable or ineffective. *See White v. O'Dea*, No. 96-6345, 1997 WL 693060 (6th Cir. 1997) ("an eight month delay before ruling on [a] motion was not unreasonable"). Accordingly IT IS RECOMMENDED that the respondent's Motion to Dismiss be GRANTED and that this petition be DISMISSED *without prejudice*. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 5th day of November, 2007.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE