THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | : | |
| | : | |
| Petitioner, | : | Civil Action |
| | : | No. 5:07-cv-41 (CAR) |
| v. | : | |
| | : | Petition for Writ of Habeas Corpus |
| STEVE UPTON, Warden, | : | 28 U.S.C. § 2254 |
| | : | |
| Respondent. | : | |
| | : | |

### *ORDER ON THE REPORT AND RECOMMENDATION OF*
### *THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the Recommendation of the United States Magistrate Judge, recommending that Respondent's motion to dismiss be granted because of Petitioner's failure to exhaust available state remedies prior to filing the present petition for writ of habeas corpus. Upon review of the Recommendation, of Petitioner's objections to the Recommendation, and the entire record of the case, the Court agrees with the findings of the Magistrate Judge. The petition is untimely because Petitioner has not yet exhausted his available state remedies.

The record in this case indicates that on August 31, 2005, Petitioner was found guilty of two counts of felony obstruction of an officer following a trial in the Superior Court of Wilcox County. The charges arose from an altercation with two correctional officers at Wilcox State Prison in Abbeville, Georgia, where Petitioner was serving a ten year sentence on a 2003 conviction in the Superior Court of Cobb County. After the Wilcox County conviction, Petitioner was sentenced to five years imprisonment on each count, to run consecutive with each other and with his previous sentence.

1

The petition for habeas corpus in this case raises four grounds for relief, all related to delays or hindrances in Petitioner's appeal of his conviction. The record indicates that the appeal has been hindered by a lengthy delay in ruling on Petitioner's motion for new trial. Petitioner's appointed trial counsel filed a timely motion for new trial on September 5, 2005, alleging that the verdict was against the weight of the evidence. On September 23, 2005, new counsel was appointed to represent Petitioner in his post-conviction proceedings. A hearing on the motion for new trial was postponed because Petitioner's appellate counsel requested additional time to obtain the transcripts of the trial proceedings and to file a more detailed motion. The trial transcripts were finally completed on August 28, 2006, and filed some time thereafter. As of May 22, 2007, however, Respondent represented to the Court that an amended motion for new trial had yet to be filed. There is no indication in the record that an amended motion has since been filed or that there has been any hearing or ruling on the motion.

Petitioner filed a state habeas corpus petition on July 17, 2006, alleging ineffective assistance of appellate counsel. This petition was dismissed as untimely by the Superior Court of Telfair County on September 12, 2006. The court's order noted that it had no jurisdiction to consider the petition because there was a pending motion for new trial in the trial court. Petitioner sought a certificate of probable cause to appeal the dismissal of his state habeas petition to the Supreme Court of Georgia. Petitioner has represented to this Court that the Supreme Court denied his request on January 8, 2008.

A federal court may not grant a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court unless it appears that the applicant has exhausted the remedies available in the courts of the state, or that the state corrective process is unavailable or

ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). In this case, Petitioner still has before him the right to seek a new trial from the trial court and to appeal his conviction to the appellate courts of Georgia. His right to seek habeas corpus review the state courts has not yet accrued because his conviction is not yet final. See Horton v. Wilkes, 302 S.E.2d 94 (Ga. 1983). A conviction becomes final for purposes of habeas corpus review when all direct appeals have been completed or when the time for seeking further direct review has expired. Clay v. United States, 537 U.S. 522 (2003); see also Mungin v. St. Lawrence, 641 S.E.2d 541 (Ga. 2007). Petitioner's pending motion for new trial tolls the time for filing a notice of appeal. When a motion for new trial has been filed, the notice of appeal must be filed within thirty days after the entry of an order on the motion. O.C.G.A. § 5-6-38(a). If the trial court should deny his motion for new trial, Petitioner's conviction will not be final until he has had the opportunity to pursue his direct appeals.

Although it might be argued that the long-delayed resolution of Petitioner's motion for new trial has made the direct appeal process ineffective as a means of protecting Petitioner's rights, a federal habeas action is not the proper avenue to seek relief at this stage. There remains a state remedy, in that Petitioner may seek a writ of mandamus against the trial court and the public defender's office, ordering them to complete and decide the motion. See Bynum v. State, ___ S.E.2d ___, 2008 WL 399562 (Ga. Ct. App. 2008). Petitioner must exhaust such state remedies before he brings a federal habeas petition. Accordingly, the Recommendation (Doc. 21) is hereby **ADOPTED**, and made the Order of the Court, and Respondent's motion to dismiss (Doc. 7) is **GRANTED**. The Clerk of Court is directed to dismiss the present petition, without prejudice.

**SO ORDERED**, this 17th day of March, 2008.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL
                                                UNITED STATES DISTRICT JUDGE

chw